UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                     CASE NO. 8:19-cr-00232-VMC-SPF

v.

RONY PAUL ALAVA MENDOZA,

    Defendant.
_____/

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**

Defendant, Rony Paul Alava Mendoza, by and through undersigned counsel, and pursuant to the Federal Rules of Criminal Procedure, files this Sentencing Memorandum setting forth factors the Court should consider in determining Mr. Alava Mendoza's sentence, and states as follows:

**PROPOSED GUIDELINE CALCULATION**

For the reasons detailed below, Defendant proposes that the Court adopt the following guideline calculation:

| | |
|---|---|
| **Base Offense Level** | **38** |
| **USSG §2D1.1(b)(18)** | **-2** |
| **Adjustment for Role** | **-2** |
| **Adjustment pursuant to §2D1.1(a)(5)** | **-4** |
| **Acceptance of Responsibility** | **-3** |
| **Criminal History Category** | **I** |
| **Total Offense Level** | **27** |
| **Guidelines Range** | **70-87 months** |

**I.     THE APPLICABLE SENTENCING STANDARD**

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing now requires two steps. The Court should first calculate the applicable sentencing range under the Sentencing Guidelines. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The Court should then impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 505 F.3d 216, 220 (2d Cir. 2007). A "reasonable" sentence is one that is "sufficient, but not greater than necessary, to comply with the purposes" of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); see also S. Rep. No. 98-225, at 75-76 (1983).

The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (*citing Booker*, 543 U.S. at 259, 260)). Rather, courts should exercise "reasoned sentencing judgment" by making "an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id*. In other words, the Court should ultimately derive a sentence based upon the factors of § 3553(a) "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The Supreme Court ratified the holding of *Rita* and affirmed the wide discretion district courts have in determining sentences. In *Gall*, the Court held that sentencing judges "must make an individualized assessment" of the § 3553 factors and "may not presume that the Guidelines range is reasonable." *Id*. at 589. In holding that appellate courts may not apply a presumption of

unreasonableness to sentences outside the guidelines range, the Court reasoned that the "sentencing judge is in a superior position to find facts and judge their import." *Id*. at 597.

In this case, a sentence of 70-months imprisonment is consistent with the goals of sentencing and will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the conduct. 18 U.S.C. § 3553(a)(2)(A).

## II.     SENTENCING GUIDELINE APPLICATION

### A.     Base Offense Level and Adjustments in the PSR

Mr. Alava Mendoza pled to an offense involving 685 kilograms of cocaine. Under U.S.S.C. § 2D1.1(c)(1), that weight of cocaine carries a base offense level of 38. The Base Offense Level and variations set forth in paragraphs 20 to 28 of the PSR (Doc. 59) are not in dispute except for PSR ¶ 23, Role in the Offense.

### B.     Role Adjustment

Mr. Alava Mendoza should receive a downward role adjustment of at least two levels for his minor involvement in the alleged conspiracy.

Under U.S.S.G. § 3B1.2(b), "If the defendant was a minor participant in any criminal activity," his guidelines range is decreased by two levels. The commentary to this guideline explains that the determination of a mitigating role "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." In determining whether to this guideline, the Court should consider the following non-exhaustive list of factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

Here, Mr. Alava Mendoza was, at best, a courier. At best, it could be said that he was on a boat that was transporting cocaine and his tasked duty was simply to be a mariner. Mr. Alava Mendoza was paid a fee to perform that specific task. There is no evidence that Mr. Alava Mendoza knew anything about the size and scope of the conspiracy. Further, there is no evidence that Mr. Alava Mendoza participated in the planning of the venture or had any decision-making authority with respect to any aspect of the conspiracy. It appears that Mr. Alava Mendoza's role was limited to simply being a mule to move drugs, at best. Mr. Alava Mendoza's role is best defined by the things that he did not do:

1. Mr. Alava Mendoza did not understand the scope of the entire conspiracy.

2. Mr. Alava Mendoza did not know any of the members of the conspiracy.

3. Mr. Alava Mendoza did not receive any additional pay connected to the conspiracy.

4. Mr. Alava Mendoza did not have authority to change the packaging or dispose of the narcotics and never claimed ownership of the narcotics.

5. Mr. Alava Mendoza did not organize the shipment of cocaine, but merely assisted in transportation. Mr. Alava Mendoza's movements were at all times controlled by higher-level cartel members. Before arriving at the port of departure, Mr. Alava Mendoza was relocated several times to different residences at the command of those operating the venture. PSR ¶ 12. According to co-defendant Mr. Bone-Lindao, an unidentified mail was in charge of dispatching the vessel that the defendants used to transport the cocaine. Mr. Alava Mendoza, along with his co-defendants, were provided with a series of complex instructions detailing the logistics for intercepting the shipment of cocaine from another vessel and, subsequently, stopping at five (5) pre-programmed refuel points. The Defendants were also ordered to report the status of their mission to their operators via satellite phone. See Report of Investigation attached as Exhibit 1.

6. Mr. Alava Mendoza was merely being paid to perform one certain task.

Review of the facts of the present case reveal that Mr. Alava Mendoza had no decision making authority, was merely a courier, did not recruit accomplices, profited no more than any other co-conspirator, did not plan the offense, and did not exercise control over others. Mr. Alava Mendoza was simply "paid to perform certain tasks." Additional, uncharged, co-conspirators performed additional tasks, held more responsibility and control, and were aware of the scope of the entire conspiracy. In comparison to those uncharged co-conspirators, Mr. Alava Mendoza played a less significant and minor role. Therefore, Mr. Alava Mendoza should receive a mitigating role adjustment of two levels.

**III.     SENTENCING FACTORS UNDER 18 U.S.C. § 3553**

After determining an advisory guideline range, the Court should then consider the factors listed in 18 U.S.C. § 3553(a). Among those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; (3) the need for deterrence; (4) the kinds of sentences available; and (5) the need to avoid unwanted sentencing disparities. See *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Mr. Alava Mendoza is a 29-year old Ecuadorian native with a sixth-grade education and no criminal history. The defendant advised that at age thirteen (13) he moved to his paternal grandparents' residence as his father was always screaming and "smacked" him. The defendant reported that he did not have any communication with his father until approximately three years ago. PSR ¶ 39. Financial strain and the need to provide for his family drove him to involvement in this conspiracy.

Based on the factors under 18 U.S.C. § 3553(a), Mr. Alava Mendoza respectfully requests that the Court impose a sentence of 70 months based on a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

## **CONCLUSION**

For all the above reasons, Mr. Alava Mendoza respectfully requests that the Court find his total offense level under the guidelines to be 27 and sentence him to 70 months in prison, waive any fine, and impose a supervised release term corresponding to the minimum allowed by law.

Dated: September 19, 2019                                                    Respectfully submitted,

                                                                                                          KOTLER LAW FIRM

*/s/ Yuli Kotler*
Yuli Kotler, Esq.
FL Bar No. 109505
P.O. Box 89713
Tampa, FL 33689
(732) 690-3025
kotlery@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 19th day of September, 2019:

AUSA Nicholas DeRenzo
Nicholas.DeRenzo@usdoj.gov